STATE OF MAINE                                      SUPERIOR COURT
SOMERSET, SS.                                       CRIMINAL ACTION
                                                    DOCKET NO.: CR-07-163


STATE OF MAINE

         V                                          D E C I S I O N

RUSSELL BISHOP


Before this Court is the Defendant's Motion to Suppress. John Alsop, Esq. appeared on behalf of the Defendant and James Mitchell, Assistant District Attorney, appeared on behalf of the State of Maine.

The Defendant has filed this Motion to Suppress alleging that he was in custody at the time that he made statements to the police officers, therefore, they should be suppressed because he was not apprised of his Miranda rights.

Facts

On February 17, 2007, Officer Eugene Cole, from the Somerset Sheriff's Office responded to a pickup truck stuck in a snow bank. Upon arriving at the scene, he observed another pickup truck trying to pull the Defendant's vehicle out of the snow bank. Officer Cole talked with the Defendant who indicated that he was driving and that he swerved to avoid another vehicle when he got stuck in the snow bank. Officer Cole indicated he did smell alcohol, but did not take any investigatory steps to determine if the Defendant was operating under the influence.

Don Avery of the Skowhegan Police Department was dispatched to the scene and arrived shortly after Officer Cole. When he spoke to the Defendant, he asked the Defendant if he had been drinking and the Defendant responded by saying he had three beers. Officer Avery also asked the Defendant to rate himself on a scale of one to ten, with zero being sober and ten being drunk. The Defendant responded that he was a two.

Officer Avery asked the Defendant to sit in the cruiser as Avery indicated that he wanted to make sure that he was fit to drive. The Defendant indicated during his

testimony that he voluntarily got into the cruiser but later said he felt he had to comply because he was asked by a police officer.

In the cruiser Officer Avery conducted two field tests. One of those tests was the alphabet test, which the Defendant successfully completed. The officer also asked the Defendant to count backwards and after concluding that test, Officer Avery indicated that the Defendant showed signs of impairment. Following the completion of these tests, Officer Avery indicated that the Defendant said he would not be under the legal limit. The Defendant explained during his testimony that what he meant by the statement was that being under the limit related to his counting and not to his alcohol level.

Following these tests the officer placed the Defendant under arrest.

## Discussion

The Defendant has claimed that he was in custody at the time of his statements in the cruiser, therefore, the Defendant should have been apprised of his Miranda rights. Since he was not given his Miranda rights, any statements made by the Defendant to Officer Avery should be ruled inadmissible.

A Defendant is in custody, if subject to either (a) a formal arrest; or (b) a restraint of freedom of movement to a degree associated with a formal arrest. State v. Michaud, 1998 ME 251, ¶4, 724 A.2d 1222, 1226 (quoting Stansbury v. California, 511 US 318, 322 (1994)).

The test is whether a reasonable person would believe that he was in police custody and constrained to a degree associated with a formal arrest. State v. Michaud lists ten objective factors that may be considered in determining whether a reasonable person would believe that he was in custody. These factors are (1) locale where the Defendant made the statements; (2) the party who initiated the contact; (3) the existence or nonexistence of probable cause to arrest; (to the extent communicated to the Defendant); (4) subjective views, beliefs or intent that the police manifested to the defendant, to the extent they would effect how a reasonable person in the defendant's position would perceive his or her freedom to leave; (5) subjective views or beliefs that the defendant manifested to the police, to the extent the officer's response would effect how a reasonable person in the defendant's position would perceive his or her freedom to leave; (6) focus of the investigation (as a reasonable person in the defendant's position

2

would perceive it); (7) whether the suspect was questioned in familiar surroundings; (8) the number of law enforcement officers present; (9) the degree of physical restraint placed upon the suspect; and (10) the duration and character of the interrogation. State v. Michaud, 1998 ME 251, ¶4.

The court has considered these factors when viewing the facts in this case. The focus was on the defendant, the police initiated the contact, and the locale was familiar to the police and not to the Defendant.

Another factor that the court deems significant in this case is the duration and character of the interrogation. It was short and not accusatorial. The Defendant had been in an accident and it was not an extraordinary procedure for the police officer to ask the Defendant questions at the scene of the accident. Further, there was no physical restraint placed upon the subject although there is some conflict regarding the police officer's request/command for the Defendant to get in the vehicle. The Defendant said that he voluntarily got into the cruiser; however, he also said he felt he had to get in the cruiser because the police officer asked him to. The court finds that the Defendant was not coerced or compelled to get into the cruiser, but got into the cruiser voluntarily,

After considering all of the factors, and all of the evidence, the court concludes that under the totality of the circumstances a reasonable person in the Defendant's position would not have believed he was in police custody constrained to a degree associated with a formal arrest. Therefore, any statements that the Defendant made before he was formally placed under arrest are admissible.

For reasons stated above, the Defendant's Motion to Suppress is hereby denied.

DATED: _6-11-07_

Joseph M. Jabar
Justice, Maine Superior Court

3

STATE OF MAINE
   vs
RUSSELL  BISHOP
297 HARTLAND RD
ATHENS ME 04912

DOB: 06/02/1974
Attorney: JOHN ALSOP
         ALSOP & MOHLAR
         67 COURT STREET
         PO BOX 189
         SKOWHEGAN ME 04976
         RETAINED 03/20/2007

SUPERIOR COURT
SOMERSET, ss.
Docket No  SKOSC-CR-2007-00163

**DOCKET RECORD**

State's Attorney: JAMES MITCHELL

## Charge(s)

**1   OPERATING UNDER THE INFLUENCE-NO TEST      02/17/2007 SKOWHEGAN**
**Seq 9882   29-A  2411(1-A)(C)(1)        Class D**
 **AVERY              / SKO**

## Docket Events:

04/09/2007 Charge(s): 1
          TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 04/09/2007 @ 18:01

          TRANSFERRED CASE: SENDING COURT CASEID SKODCCR200700350
          FILING DOCUMENT -  CASH BAIL BOND FILED ON 02/20/2007

          Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULED FOR 03/21/2007 @ 8:30

          NOTICE TO PARTIES/COUNSEL
          Charge(s): 1
          HEARING -  ARRAIGNMENT WAIVED ON 03/20/2007

          BAIL BOND -  $100.00 CASH BAIL BOND FILED ON 02/20/2007

          BAIL BOND -  CASH BAIL BOND DISBURSEMENT ON 04/09/2007

          Charge(s): 1
          SUPPLEMENTAL FILING -  COMPLAINT FILED ON 03/12/2007

          Party(s):  RUSSELL BISHOP
          ATTORNEY -  RETAINED ENTERED ON 03/20/2007

          Attorney:  JOHN ALSOP
          Charge(s): 1
          PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 03/20/2007

          TRIAL -  BENCH SCHEDULED FOR 04/18/2007 @ 1:00

          NOTICE TO PARTIES/COUNSEL
          TRIAL -  BENCH NOT HELD ON 04/05/2007

          TRIAL -  BENCH NOTICE SENT ON 03/20/2007

TRIAL - BENCH JTR SENT ON 03/20/2007

MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 04/05/2007

Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL REQUESTED ON 04/05/2007

Charge(s): 1
FINDING - TRANSFER FOR JURY TRIAL TRANSFERRED ON 04/09/2007

SKOSC
04/10/2007 BAIL BOND - $100.00 CASH BAIL BOND FILED ON 04/10/2007

Bail Receipt Type: CR
Bail Amt: $100
                                Receipt Type: CK
Date Bailed: 02/17/2007        Prvdr Name: RUSSELL  BISHOP
                                Rtrn Name: RUSSELL  BISHOP

04/10/2007 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 05/09/2007 @ 8:30

NOTICE  TO PARTIES/COUNSEL
04/13/2007 TRIAL - DOCKET CALL SCHEDULED FOR 05/07/2007 @ 11:00

05/25/2007 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 05/09/2007
JOSEPH M JABAR , JUSTICE
Attorney: WILLIAM FERM
DA: JAMES MITCHELL          Reporter: CASE ENOCH
Defendant Present in Court

STATE'S WITNESSES: EUGENE COLE AND DON AVERY. DEFENDANT'S WITNESSES: RUSSELL BISHOP.
ARGUMENTS BY COUNSEL. TAKEN UNDER ADVISEMENT
06/05/2007 TRIAL - DOCKET CALL NOT REACHED ON 05/30/2007

06/13/2007 TRIAL - DOCKET CALL SCHEDULED FOR 07/03/2007 @ 11:00

06/14/2007 MOTION - MOTION TO SUPPRESS STATEMENT DENIED ON 06/11/2007
JOSEPH M JABAR , JUSTICE
DECISION FILED - FOR REASONS STATED ON THE RECORD MOTION TO SUPPRESS IS HEREBY DENIED.

A TRUE COPY
ATTEST: _____
                    Clerk